OPINION
Defendant-appellant Harrison King appeals from the denial of his petition for post-conviction relief. He contends that his indictment for Involuntary Manslaughter was defective in that it failed to allege conduct that is within the intended proscription of R.C. 2903.04, which establishes the offense of Involuntary Manslaughter. King does not explain how the intent of the legislature, in enacting R.C. 2903.04, is inconsistent with the conduct with which he was charged by indictment.
The trial court denied King's petition upon the ground that it was not timely filed. We agree with the trial court and the State that King's petition for post-conviction relief was not timely filed. We also agree with the State that his petition is barred by res judicata. Accordingly, the judgment of the trial court is Affirmed.
 I
In 1988, King was indicted for multiple offenses, one of which was Involuntary Manslaughter. The indictment charged that King, together with Garry A. Burress, "did cause the death of Donald S. Brown, aka Ricky Lynn Stewart, as a proximate result of their committing or attempting to commit the felony of aggravated robbery, in violation of Section 2903.04
of the Ohio Revised Code." This count of the indictment contained four specifications that are not material to the issues raised in this appeal.
Following a trial, King was convicted of Involuntary Manslaughter, together with three other offenses, and was sentenced accordingly. King appealed, and his conviction and sentence were affirmed by this court in 1989.
King filed the petition for post-conviction relief giving rise to this appeal on May 14, 2001. The trial court denied his petition, upon the ground that it was not timely filed. From the denial of his petition for post-conviction relief, King appeals.
 II
King's First Assignment of Error is as follows:
 IT IS ERROR FOR TRIAL COURT TO RULE APPELLANT'S PETITION FOR POST-CONVICTION RELIEF WAS TIME BARRED UNDER STATUTES, 2953.21(A)(1)(2), AND 2953.23.
Petitions for post-conviction relief are governed by R.C. 2953.23. Pursuant to the statute, a petition for post-conviction relief pertaining to a conviction and sentence before September 21, 1995, must be filed on or before September 23, 1996. Obviously, this petition was not timely filed.
An untimely petition for post-conviction relief may nevertheless be considered if "the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief." R.C. 2953.23(A)(1)(a). Neither in his petition for post-conviction relief, nor in any of his memoranda in support of that petition, has King made any showing that he was unavoidably prevented from discovering the facts upon which he must rely. Although the basis for his claim to relief is not entirely clear, it appears that he is claiming either that the allegations set forth in the indictment are insufficient to come within the definition of Involuntary Manslaughter intended by the Ohio General Assembly, or that the facts proven at trial are insufficient. King presumably attended his trial, and would be familiar with the facts established by the evidence at the trial. Although King argues in his brief that because he waived the reading of the indictment, he was not personally familiar with the allegations set forth in the indictment, he has made no allegations that his attorney was unfamiliar with the allegations set forth in the indictment, and the knowledge of his attorney is imputed to him.
Accordingly, we agree with the trial court and with the State that King's petition for post-conviction relief was not timely filed. We also agree with the State that the petition is barred by res judicata, since any defect in the indictment and any insufficiency in the evidence could and should have been urged in King's direct appeal from his conviction and sentence.
King's First Assignment of Error is overruled.
 III
King's Second Assignment of Error is as follows:
 IT IS ERROR FOR TRIAL COURT NOT TO REVIEW APPARENT PLAIN ERROR ON FACE OF INDICTMENT FOR COUNT ONE.
 This assignment of error appears to be directed to the merits of King's petition for post-conviction relief. The trial court never reached the merits of his petition, having found that it was not timely filed. In Part II, above, we have expressed our agreement with the trial court's conclusion in this regard. Consequently, we necessarily find that the trial court did not err by failing to reach the merits of King's petition, and his Second Assignment of Error is overruled.
 IV
Both of King's assignments of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J., and BROGAN, J., concur.